The Chief Justice
said, that Fraud was defined in the books, that one definition of it was “ suggestio falsi, aut sup* pressio veri.
The justice of the case was with the defendant, and therefore had there even been a misdirection it ought not to be a ground for a new trial. Whoever positively and generally makes a false assertion, as an inducement for another to contract with him, and succeeds on that ground is guilty of a fraud which vacates the contract. It must be as represented, or it is fraudulent: a man who does so assert ought to suffer, he must answer for the truth. The case of Sir Crisp Gascoigne is full to this. I do not say that Findley was guilty of ■wilful dishonesty, it seems from Mi Shares evidence, that he might have thought Harris solvent; but he made an assertion of a matter of fact, which the jury have found was false; and then as to the legal operation, his belief of it, one way or the other is of no consequence: as to negligence, the custom of merchants settles it in Great Britain, there is however no such custom here.
Rule discharged,,